## COCCO v MARYLAND CASUALTY CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 20, 1933

A. Spain, Youngstown, and A. L. Burgstaller, Youngstown, for plaintiff in error.

R. R. Miller, Youngstown, for defendant in error.

## OPINION

By FARR, J.

It is disclosed that Cocco was a workman who placed curbing in street improvements, and in the instant case he had constructed linear and circular curbings. This was in the year 1930. It is said in the case at bar that the action was brought under §2365-3 GC. That section reads as follows:

"Any person, firm or corporation to whom any money shall be due on account of having performed any labor, or furnished any material in the construction, erection, alteration or repair of any such building, work or improvement, at any time after performing such labor or furnishing such material, but not later than ninety days after the acceptance of such building, work or improvement by the duly authorized board or officer, shall furnish the sureties on said bond, a statement of the amount due to any such person, firm or corporation. No suit shall be brought against said sureties on said bond until after sixty days after

the furnishing of said statement. If said indebtedness shall not be paid in full at the expiration of said sixty days, said person, firm or corporation may bring an action in his own name upon such bond, as provided in §§11242 and 11243 GC, said action to be commenced not later than one year from the date of acceptance of said building, work or improvement."

It is insisted, as before stated, that this action is brought under favor of the above section of the General Code, and it is also insisted that the action was wrongfully brought; that it should have been commenced against the surety or Bonding Company, and this section so provides, but the real issue in this case arises with reference to the matter of furnishing a statement to the Bonding Company, as provided in above §2365-3 GC.

It will be noticed from a reading of this section that not later than ninety days after the acceptance of "such building, work or improvement by duly authorized boards or officers authorized to accept such work," a statement of the amount due must be furnished to the surety, which would be in this case the Bonding Company. It is insisted here that the plaintiff fails in this behalf. There are two carbon copies of letters attached to the record which assume to be copies of notice served upon the Bonding Company, but there is no proof disclosed by the record that these letters were sent to the Bonding Company or that any other notice was served upon them.

Next, it is insisted that the ninety-day period would begin to run from the furnishing of the final estimate on the work. The County Engineer made a final estimate and it is claimed that this would be sufficient in the way of fixing the time of the acceptance of the work for furnishing notice to the Bonding Company, but scarcely can that position be maintained. There might be a wide divergence between the date of the furnishing of the final estimate and the date upon which the work was really completed and accepted. Completion would not be sufficient; it requires acceptance by the proper authority.

The conclusion must be, therefore, that in the instant case no sufficient notice was served upon the Bonding Company of the acceptance of the work, and what would be the effect of such failure?

A case of interest in this connection is **Atkinson et v Orr-Ault Construction Company, 124 Oh St, 102.** There is a short opinion by the court, beginning at the bottom of page 102, and ending at the top of page 103, which reads as follows:

"That §2365-3 GC requiring on performing labor or furnishing material, in the construction, erection, alteration or repair of a building, work or improvement under contracts referred to in such section, to furnish the sureties on the bond of the principal contractor a statement of the amount due such person, firm or corporation before suit may be brought upon such bond, is jurisdictional in character."

And the foregoing is the principle applicable in this case, that the requirement of a statement of the amount due such person, firm or corporation shall be served within the prescribed time upon the surety, and that requirement of the statute is jurisdictional. The same principle is announced in the case of **Surety Company v Smith, 117 Oh St, 28,** and at page 42 in the opinion of the court.

The conclusion is, therefore, that Cocco, unfortunate as it may be for him, was not circumspect in the matter of having this statement served upon the surety, in order that the surety might be bound, and his action to recover could be maintained; for the reason that the requirement of §2365-3 GC is jurisdictional in character. Having reached that conclusion, it follows that the judgment of the court below must be affirmed and it is so ordered.

Judgment affirmed.

POLLOCK and ROBERTS, JJ, concur in judgment.